IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Darryl F. Mills, Sr., ) | C/A NO. 3:07-1477-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Autozone Stores, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Through this action, Darryl F. Mills, Sr. ("Mills") seeks recovery for alleged racial discrimination in employment. Specifically, he alleges that he was removed from the position of lead commercial specialist at Autozone Store # 414, transferred to another store, and assigned substantially fewer hours because managers within his direct line of supervision wanted a "good old white boy" in the position of lead commercial specialist at Store # 414.

Mills' claims are asserted under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"), and 42 U.S.C. § 1981. The matter is before the court on motion of the Defendant, Autozone Stores, Inc. ("Autozone") for summary judgment.

**BACKGROUND**

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), (g), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation ("Report"). On, June 25, 2008, the Magistrate Judge issued a Report recommending that Defendant's motion for summary judgment be denied as to the claim for transfer and demotion. The Report further noted that Mills had affirmatively withdrawn his equal

pay and retaliation claims and had abandoned any other claims alleged in this action. Dkt. No. 38 at p.7, n. 11.

The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so. Defendant filed an objection, arguing that summary judgment should have been granted as to the remaining claim for discrimination in the transfer and alleged demotion. Defendant argues, *inter alia*, that the transfer did not constitute an adverse action. Plaintiff responded, arguing that the Report was correct in allowing the transfer and demotion claim to proceed. Plaintiff does not suggest any error in the Magistrate Judge's conclusion that all other claims have been abandoned or withdrawn.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

**DISCUSSION**

The court has made a *de novo* review of the Report and underlying record as to the matters to which Defendant has lodged an objection and has reviewed the Report for clear error otherwise. Having done so, the undersigned finds no errors in the Report and further concludes that the objections raised are adequately and correctly addressed in the Report. Specifically as to the issue of whether Mills was subjected to an adverse action when he was transferred, the court finds that Mills has proffered sufficient evidence to raise a genuine issue of material fact as to whether his work hours were involuntarily reduced or, alternatively, whether they were reduced merely due to his personal choices (an alleged refusal to work nights or weekends).[1]

**TRIAL SCHEDULE**

The pretrial schedule shall be as follows:

1. No later than **August 11, 2008**, the parties shall advise the court as to the anticipated length of trial.

2. Mediation, pursuant to Local Civil Rules 16.04 – 16.12, shall be completed in this case on or before **August 29, 2008.** *See* Standing Order to Conduct Mediation 4:00-mc-5001, which sets forth mediation requirements and is found on the court's website under Judge Currie's forms (http://www.scd.uscourts.gov).

---

[1] In its memorandum in support of summary judgment, Autozone refers to a number of excerpts from Mills' deposition as establishing that any reduction in hours Mills experienced upon his transfer resulted solely from his refusal to work evenings and weekends. These excerpts certainly support the conclusion that Mills believed he should not have been asked to work nights and weekends. They do not unequivocally support the position that, after his transfer, Mills declined to work hours which he was offered on this or any other basis. By contrast, in his declaration filed in opposition to summary judgment, Mills states that his new position was "a part-time job" of 20 to 28 hours per week and that "[n]o additional hours were available to me until, due to terminations and resignations I was assigned more hours." Dkt. No. 28-2 ¶ 10 (Mills declaration).

3.  No later than **September 4, 2008**, the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures.  Within fourteen (14) days thereafter, a party shall file and exchange Fed. R. Civ. P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed. R. Civ. P. 32(a)(4).  *See* Local Civil Rule 30.03(J) (video deposition additional requirements).

4.  Motions in limine must be filed at least three weeks prior to jury selection.

5.  Parties shall furnish the court pretrial briefs five (5) business days prior to the date set for jury selection (Local Civil Rule 26.05).[2]  Attorneys shall meet at least five (5) business days prior to the date set for submission of pretrial briefs for the purpose of exchanging and marking all exhibits.  *See* Local Civil Rule 26.07.

6.  This case shall be called for trial during the **October/November 2008** term of court, with jury selection set for **October 16, 2008.**

**TYPE SIZE REQUIREMENT**: For purposes of all future filings, the parties are reminded that this district requires a minimum 12-point type.  This applies to footnotes as well as caption and text.  *See* Standard ECF Preference No. 6.

## CONCLUSION

For the reasons set forth above, the court adopts the Report in full, confirming that Mills has abandoned or withdrawn all claims other than his claim for race-based discrimination in his transfer from Store # 414 and denying summary judgment as to that claim which shall proceed to trial under the schedule set forth above.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 31, 2008

---

[2] Judge Currie requires that pretrial briefs be filed with the Clerk of Court as part of the public record and served on opposing parties.